**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| EMERALD OIL, INC., *et al.*,[1] | ) Case No. 16-10704 (KG) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |
| | ) **Hearing Date: To Be Determined** |
| | ) **Objection Deadline: To Be Determined** |

**DAKOTA MIDSTREAM PARTIES' SUPPLEMENTAL REQUEST FOR
ALLOWANCE OF ADMINISTRATIVE EXPENSE CLAIM**

Dakota Midstream, LLC, Dakota Energy Connection, LLC, and Dakota Fluid Solutions

LLC f/k/a Mesa Oil Services, LLC (collectively, "Dakota"), by and through their undersigned

counsel, hereby file this supplemental request (the "Supplemental Request") for allowance and

payment of administrative expenses arising between March 22 and July 1, 2016 (the

"Administrative Claim Period").  In support of this Supplemental Request, Dakota respectfully

represents as follows:

**PRELIMINARY STATEMENT**

1.      As described more fully in the *Dakota Midstream Parties' Motion to Compel*

*Payment for Post-Petition Services Pursuant to 11 U.S.C. §§ 503(b) and 105(a)* [Docket No.

432] (the "Motion for Payment"),[2] since the Petition Date, Dakota has continued gathering and

transporting the Debtors' oil, gas and saltwater, and disposing of the Debtors' saltwater, in

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's
federal tax identification number, include:  Emerald Oil, Inc. (9000); Emerald DB, LLC (2933);
Emerald NWB, LLC (7528); Emerald WB LLC (8929); and EOX Marketing, LLC (4887).  The
location of the Debtors' service address is: 200 Columbine Street, Suite 500, Denver, Colorado
80206.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them
in the Motion for Payment.

1

accordance with the Dedication Agreements.  These services have indisputably benefited the Debtors' bankruptcy estate, however, the Debtors have failed to pay for such services in full as payments have come due.

2.      On June 28, 2016, Dakota filed the Motion for Payment, seeking the allowance and immediate payment of approximately $3,871,635.69 in administrative expenses accruing during the Administrative Claim Period for services provided by Dakota under the Dedication Agreements and related FERC tariff (the "FERC Tariff").  Therein, Dakota expressly reserved its rights to amend, modify, or supplement the Motion for Payment by, among other things, asserting additional claims for payment of administrative expenses prior to the administrative bar date.

3.      By this Supplemental Request, Dakota hereby: (i) requests payment as administrative expenses of certain additional amounts arising under or relating to the Dedication Agreements and FERC Tariff during the Administrative Claim Period, as set forth below; and (ii) asserts a protective administrative expense claim against the Debtors for all other administrative expenses arising during the Administrative Claim Period.

### JURISDICTION

4.      The Court has jurisdiction to consider this Supplemental Request pursuant to 28 U.S.C. §§ 1334 and 157 and the *Amended Standing Order of Reference* dated February 29, 2012, from the United States District Court for the District of Delaware.  The Supplemental Request constitutes a "core" matter within the meaning of 28 U.S.C. § 157(b)(2) and the Court may enter a final order consistent with Article III of the United States Constitution.  Venue of the Supplemental Request in this Court is proper pursuant to 28 U.S.C. § 1409.  The statutory

predicates for the relief requested herein are sections 503(b) and 105(a) of the Bankruptcy Code and 28 U.S.C. § 959.

### BACKGROUND

5.      The background concerning the parties and the material agreements and transactions between them is set forth at length in the Motion for Payment, which is incorporated by reference herein.

**A.      Storage Costs**

6.      As a result of the Debtors' prepetition failure to pay invoices, Dakota exercised its remedies under the Oil Dedication Agreement and FERC Tariff to suspend redelivery of approximately 26,000 barrels of crude oil (the "Stored Crude"), which Dakota has continued to hold post-petition.  Under the Oil Dedication Agreement and the FERC Tariff, the Debtors are responsible for reimbursing Dakota for any transportation, demurrage, and other lawful charges with respect to, and any expenses of caring for and maintaining, the Stored Crude.

7.      To date, Dakota has incurred approximately $143,903.23 in storage and other related costs in connection with the Stored Crude.  By this Supplemental Request, Dakota requests reimbursement, as an administrative expense pursuant to section 503(b) of the Bankruptcy Code, of the portion of these storage and other costs, to be established at trial, that accrued during the Administrative Claim Period (the "Storage Costs Claim").

**B.      Debtors' Failure to Deliver Gas at Specified Pressure**

8.      Under the Gas Dedication Agreement, the Debtors are required to deliver gas to Dakota at a specified pressure.  During the Administrative Claim Period, the Debtors failed to deliver gas at the required pressure, which resulted in damages to Dakota in an amount to be proved at trial.  By this Supplemental Request, Dakota requests payment of these damages as an

3

administrative expense pursuant to section 503(b) of the Bankruptcy Code (the "Gas Pressure Claim").

**C.      Debtors' Failure to Deliver Water**

9.      Under the Water Dedication Agreement, any water delivered to Dakota must be able to pass through a 200-micron filter, failing which Dakota could incur substantial damage to its disposal wells and pipelines, as well as additional labor and material costs.  During the Administrative Claim Period, the Debtors delivered water to Dakota that could not pass through a 200-micron filter, which resulted in damages to Dakota in an amount to be proved at trial.  By this Supplemental Request, Dakota requests payment of these damages as an administrative expense pursuant to section 503(b) of the Bankruptcy Code (the "Filtration Damages Claim").

**D.      Debtors' Breach of Confidentiality, Public Statement Provisions**

10.      The Dedication Agreements contain (i) confidentiality provisions prohibiting the public disclosure of the agreements and their terms, and (ii) provisions requiring the Debtors to provide advance notice to Dakota prior to making any public statement regarding the Dedication Agreements.  The Debtors breached these provisions during the Administrative Claim Period, causing damages to Dakota in an as-yet undetermined amount, by filing unredacted copies of the Dedication Agreements on the public docket and making statements regarding the Dedication Agreements in their pleadings of which Dakota had been provided no prior notice.  By this Supplemental Request, Dakota requests allowance and payment of such damages as an administrative expense pursuant to section 503(b) of the Bankruptcy Code (the "Confidentiality/Publicity Claim").

**E.**      **Protective Claims**

11.      Dakota has numerous rights under the Dedication Agreements, the FERC Tariff, or otherwise under applicable law that could potentially give rise to an administrative expense claim based upon acts or omissions of the Debtors or other third parties during the Administrative Claim Period.  In addition, as discussed below, any tortious conduct of the Debtors during the Administrative Claim Period could also give rise to an administrative expense claim.  However, given the short amount of time between the close of the Administrative Claim Period and the administrative bar date, Dakota could not possibly have investigated all facts and circumstances that might give rise to an administrative expense claim prior to filing this Supplemental Request.  Therefore, by this Supplemental Request, Dakota also requests, out of abundance of caution, allowance and payment of any other administrative expense claims, on any basis, arising during the Administrative Claim Period (collectively, the "Protective Claims").

## RELIEF REQUESTED

12.      By this Motion, Dakota seeks entry of an order, substantially in the form of the proposed order attached as Exhibit A hereto allowing the Storage Costs Claim, the Confidentiality/Publicity Claim, the Gas Pressure Claim, the Filtration Damages Claim, and the Protective Claims as administrative expenses pursuant to section 503(b) of the Bankruptcy Code, in an amount to be determined at trial.

## BASIS FOR RELIEF REQUESTED

**I.**      **DAKOTA IS ENTITLED TO ALLOWANCE OF AN ADMINISTRATIVE EXPENSE PURSUANT TO SECTION 503(b)**

13.      Section 503(b) of the Bankruptcy Code provides, in pertinent part, that "there shall be allowed[] administrative expenses, . . . including the actual, necessary costs and expenses of preserving the estate . . . ."  11 U.S.C. § 503(b)(1)(A).  In the Third Circuit, as

5

elsewhere, the actual, necessary costs and expenses of preserving the estate include claims "aris[ing] from a transaction with the debtor-in-possession" where "the consideration supporting the claimant's right to payment [is] beneficial to the debtor-in-possession in the operation of the business." *In re Calpine Corp. v. O'Brien Envt'l Energy, Inc. (In re O'Brien Envt'l Energy, Inc.)*, 181 F.3d 527, 532-33 (3d Cir. 1999). In addition, a "fairness" exception to the traditional administrative expense standard has been recognized with respect to post-petition torts committed by the bankruptcy estate representative; under this exception, the claimant need not prove a specific benefit to the estate resulting from such tort in order to obtain allowance of an administrative expense. *See generally In re Philadelphia Newspapers, LLC*, 690 F.3d 161, 173 (3d Cir. 2012) (citing *Reading Co. v. Brown*, 391 U.S. 471 (1968)). Finally, 28 U.S.C. § 959(b) requires a debtor in possession to "manage and operate the property in [its] possession . . . according to the requirements of the valid laws of the State in which such property is situated, in the same manner that the owner or possessor thereof would be bound to do if in possession thereof," and can thus serve as an additional wellspring of administrative obligations for the estate. *See* 28 U.S.C. § 959(b); *Dep't of Envt'l Resources v. Conroy (In re Conroy)*, Civ. Act. No. 93-10, 1993 U.S. Dist. LEXIS 11138, *19-21 (W.D. Pa. 1993) (relying on state statute to determine the amount of costs that were recoverable by a regulatory authority as an administrative expense).

14. Dakota will establish at trial its entitlement to allowance of any Storage Costs Claim, Confidentiality/Publicity Claim, Gas Pressure Claim, Filtration Damages Claim, or Protective Claims as administrative expenses.

## SETOFF/RECOUPMENT; SECURED STATUS

15.    Dakota's administrative claims are secured by (i) certain setoff rights, recoupment rights, security interests, and/or liens in the Stored Crude, the value of which is unknown at this time; and (ii) liens or beneficial interests in any funds collected by the Debtors from any non-debtor royalty owners or working interest holders (or retained by the Debtors from amounts that would otherwise have been remitted to such owners/holders) on account of such owners'/holders' allocable share of amounts due to Dakota.

## RESERVATION OF RIGHTS

16.    Dakota reserves the right to amend, modify, or supplement this Supplemental Request in all respects, including, but not limited to, liquidating any unliquidated amounts, asserting a claim or claims for additional amounts due and/or claims based on alternative theories or liabilities, and asserting any claims for damages arising from any acts or omissions by any of the Debtors during the Administrative Claim Period.

## NOTICE

17.    Notice of this Supplemental Request is being provided to (i) the Office of the United States Trustee; (ii) counsel for the Debtors; (iii) counsel for the Official Committee of Unsecured Creditors; (iv) counsel for the administrative agents under the Debtors' pre- and post-petition credit facilities; and (v) all parties that have requested notice pursuant to Fed. R. Bankr. P. 2002.  Under the circumstances, Dakota submits that no other or further notice is required.

## **CONCLUSION**

WHEREFORE, for the reasons set forth above, Dakota respectfully requests that this

Court enter the proposed order attached as Exhibit A hereto and grant Dakota such other and

further relief as is just and proper.

Dated:  July 15, 2016
Wilmington, Delaware

*/s/ Patrick A. Jackson*

M. Blake Cleary (No. 3614)
Patrick A. Jackson (No. 4976)
Michael S. Neiburg (No. 5275)
**YOUNG CONAWAY STARGATT & TAYLOR, LLP**
1000 North King Street
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

-and-

Barnet B. Skelton, Jr. (admitted *pro hac vice*)
**BARNET B. SKELTON, JR. P.C.**
JP Morgan Chase Bank Building
712 Main, Suite 1610
Houston, Texas 77002
Telephone: (713) 659-8761
Facsimile: (713) 659-8764

*Counsel to Dakota Midstream, LLC,*
*Dakota Energy Connection, LLC, and*
*Dakota Fluid Solutions, LLC*

8