**<u>Exhibit 1</u>**

**Settlement Term Sheet
(in Relevant Part)**

September 21, 2016

**PRIVATE AND CONFIDENTIAL (Subject to FRE 408)**

JOSEPH H. SMOLINSKY
767 FIFTH AVENUE
NEW YORK, NEW YORK 10153-0119

Dear Joe,

Dakota Midstream, LLC ("Dakota") is pleased to provide this letter of intent ("Letter of Intent"): to: (i) Emerald Oil, Inc. and its affiliated debtors and debtors in possession ("Emerald") to facilitate the resolution of the pending Adversary Proceeding, the Motion to Reject Dakota's Dedication Agreements (D.I. No. 362) (the "Rejection Motion"), Dakota's Motion to Compel Payment of an Administrative Claim (D.I. No. 596), and the Debtors' motion with respect to the Stored Crude Oil (D.I. No. 456) and to adjourn the September 23, 2016 hearing, and (ii) the Agent and the Lenders (as such terms are defined in the Final DIP Order (DI No. 287 and set forth on Exhibit B annexed hereto)) to resolve the outstanding issues between the aforementioned parties and to facilitate the Lenders' ability to credit bid in connection with the transfer of all or substantially all of Emerald's assets (the "Emerald Assets") which, it is anticipated, will be effected following an auction at a sale hearing that is scheduled to occur on September 30, 2016, in which the Lenders or the Lenders' designee or assignee (the "Lender Purchaser") or another third-party bidder with a higher and better offer successfully bids (whether by credit bid or in cash) for the Emerald Assets.  While this Letter of Intent expresses the present intent of the parties hereto with respect to the terms and structure of the transactions proposed herein, this Letter of Intent shall not be legally binding upon the parties hereto, provided, however, that the parties hereto are obligated to work in good faith to implement the terms of this Letter of Intent.  It is understood that on or before September 27, 2016, the Agent on behalf of the Lenders will submit to Emerald a credit bid for the Emerald Assets.

This Letter of Intent is conditioned upon postponing the rejection motion and summary judgment motion in the adversary hearings in Emerald's bankruptcy cases from September 23, 2016 to September 30, 2016.  The September 23, 2016 hearing shall be preserved for the purpose of putting the terms of this Letter of Intent on the record of the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"), other than the terms set forth on Exhibit A annexed hereto, unless a telephonic hearing is scheduled prior to such time for the purpose of advising the Bankruptcy Court that an agreement in principle has been reached.

On the day of closing of the transfer of the Emerald Assets (the "Closing Date") each of the Dedication Agreements (as defined in DI No. 432), as amended in accordance with the terms of this Letter of Intent and the Amended and Restated Disposal Well



Services Agreement dated July 1, 2014 shall be assumed by Emerald and assigned to the Lender Purchaser.

Until the Closing Date, Emerald will continue to timely (i) pay Dakota in full in the ordinary course amounts due on account of transported volumes and (ii) make Shortfall Payments due on account of Minimum Volume Commitments ("MVCs") under the Dedication Agreements for any Accounting Period (as defined in the Dedication Agreements) through and including the Closing Date to the Escrow Account (as defined in DI No 596). On the Closing Date, all amounts deposited in the Escrow Account (which as of September 14, 2016 are represented by Emerald's counsel to be in the amount of approximately $2.4mm and include the payment made in September for July services) shall be turned over and paid to Dakota; provided, however, that if the Closing Date occurs on or before October 15, 2016, any amounts in the Escrow Account relating to MVCs deposited in the Escrow Account after September 30, 2016 will be turned over to Emerald, but only if Emerald and the Lender Purchaser agree to pay Dakota on the Closing Date or when such amounts come due in the ordinary course in full for volumes moved for each date of service through the Closing Date when due under the applicable agreement, such that the MVC payment remitted to Emerald represents the only payment arrearage between Dakota and Emerald.

Other conditions of this Letter of Intent include:

- On the Closing Date, the Crude Sale Proceeds (as defined in DI No. 564) shall be turned over and released one-half to Dakota and one-half to Emerald. Emerald represents that Crude Sale Proceeds are [$700,000]. Emerald is to remain fully liable for payment of all taxes and charges relating to the distribution of all proceeds to the owners of the interest of all such crude oil.

- On the Closing Date, Emerald or the Lender Purchaser shall pay Dakota a one-time lump sum payment in the amount of $2mm in cash.

- On the Closing Date, Dakota will be issued and will receive 5% of the equity (attributable to damages related to contract amendments) in the Lender Purchaser on a pari pasu basis with the Lenders.

- On the Closing Date, Dakota shall be entitled to and the organic documents of Lender Purchaser shall provide for (i) Dakota to appoint one Observer (the "Board Observer") with the right to attend meetings of the board of directors or similar governing body (the "Board") of the Lender Purchaser (provided the Board Observer shall not be entitled to attend executive sessions of the Board) and (ii) tag-along rights, preemptive rights, and other customary



minority protection rights relative to Dakota's holding a 5% equity position in the Lender Purchaser, Lender Purchaser's organic documents shall also provide that Dakota's equity interest shall be subject to drag-along rights of the majority owners.  For the avoidance of doubt, it is the intent of the Agent and the Lenders that Dakota receive the benefit of this provision granting Dakota 5% of the equity of the Lender Purchaser even if a transaction is consummated whereby the Lenders are not the ultimate owner of the Emerald Assets but rather the Lenders transfer such rights and obligations to a designee or assignee and such designee or assets consummates a transaction involving the Emerald Assets.

- Dakota shall receive an allowed general unsecured claim in the amount of $10mm against each of the estates of Emerald.

- On the Closing Date, the Adversary Proceeding and the Motion to Reject the Dedication Agreements will be dismissed.  The Dakota Agreements, as amended pursuant to the terms of this Letter of Intent, shall be assumed on the Closing Date by the Lender Purchaser with such rights and interests of Dakota surviving entry of the Closing Order.  For the avoidance of doubt, this Letter of Intent is not intended, nor shall it be construed, as an admission or acknowledgment of any kind with respect to any of the issues that have arisen under the litigation with Dakota.

- Upon transfer, the Emerald Assets shall remain subject to all rights and obligations under the Dedication Agreements as amended pursuant to the terms of this Letter of Intent and any and all rights or interests of Dakota in such assets, which rights and interests of Dakota shall survive closing and be enforceable after the entry on a final basis of a sale order in connection with the transfer of the Emerald Assets (a "Closing Order"), and shall be binding upon the successors and assigns of Lender Purchaser and Dakota. The Closing Order and such other orders necessary to consummate the terms of this Letter of Intent shall be in a form and substance acceptable to Dakota and shall be entered by the Court as soon as possible, but in any case no later than October 5, 2016.

- Each of the Lenders represents and warrants (i) that it or its affiliates constitute the only Lenders under the DIP Facility as both terms are defined in the Final DIP Order (DI. No. 287); (ii) that on the Closing Date, there will be no outstanding preferred equity in or funded indebtedness (as opposed to ordinary course obligations and assumed obligations) of the Lender Purchaser; and (iii) that should the Lender Purchaser successfully acquire the Emerald Assets, the Lenders shall not sell any interest in Lender Purchaser

**DAKOTA**
**MIDSTREAM**

until the Closing Date has occurred.  Each of the parties hereto represents and warrants that each of them has full authority, subject to Bankruptcy Court approval, if necessary, to enter into this Letter of Intent.

- Dakota's consent rights contained in the Dedications Agreements shall not be affected by this Letter of Intent.  Emerald and the Lenders shall consult with Dakota regarding the selection of any Purchaser other than the Lender Purchaser.

- The terms contained herein shall remain confidential and shall not be disclosed without both Dakota's and Lenders' consent, except to the extent the parties hereto are required to disclose the terms of this Letter of Intent by court order or government authority.  The Parties agree that the economic terms set forth in Exhibit A annexed hereto will not be disclosed in any filing with the Bankruptcy Court, nor will they be disclosed to any bidder.

- Emerald on behalf of their estates, agrees to waive any and all claims against Dakota, its directors, employees, partners, and investors arising under or related to the Adversary Proceeding, the Rejection Motion and the Dedication Agreements during the period prior to the Closing Date.  The Agent on behalf of the Lenders and each of the Lenders (as those terms are defined in the Final DIP Order (DI No. 287)), agree to waive any and all claims against Dakota, its directors, employees, partners, and investors arising under or related to the Adversary Proceeding, the Rejection Motion and the Dedication Agreements during the period prior to the Closing Date.  Dakota agrees to waive any and all claims against Emerald, the Agent, and each of the Lenders and each of its directors, employees, partners, and investors arising under or related to the Dedication Agreements during the period prior to the Closing Date.

This Letter of Intent contains an outline of terms only and shall not be legally binding upon the parties.  All provisions set forth herein are intended to be refined and reflected in one or more definitive agreements to reflect the transactions outlined in this Letter of Intent (the "Definitive Agreements"), together with schedules and exhibits thereto as well as such ancillary documents as may be required, all containing terms, provisions, and covenants reasonably satisfactory to the parties and their respective counsel.  The Definitive Agreements will contain representations, warranties, and covenants as are customary in the oil and gas industry and consistent with commercial transactions of a similar nature.  Accordingly, if for any reason the Definitive Agreements are not executed, the parties shall not be entitled to any form of relief, including, without limitation, injunctive relief.  It is the intention of the parties to use their commercially reasonable efforts to complete and execute the Definitive Agreements on or before September 27, 2016, subject to any required approvals of the governing bodies of the parties and the Bankruptcy Court.

Finally, the Letter of Intent is conditioned upon (i) a written agreement being reached by September 27, 2016, among Dakota, Emerald, if necessary, and either the Lender Purchaser, or the Agent on behalf of the Lenders, as applicable, on amended Dedication Agreements that reflect the economic terms set forth on Exhibit A annexed hereto and no modification of any other material economic terms, (ii) the Lender Purchaser being selected as the Successful Bidder (as defined in the Bid Procedures Order D.I. No. 664) and closing on the transfer of the Emerald Assets, and (iii) payment and issuance of the consideration set forth herein.

We look forward to working with you.
.

Sincerely,

Tim Reynolds
Founding Partner, Dakota Midstream

Dated: _____

Accepted By:

_____
Agent on behalf of the Lenders

Dated: _____

Accepted By:

_____
Emerald Oil, Inc. and its affiliated debtors and debtors in possession



Finally, the Letter of Intent is conditioned upon (i) a written agreement being reached by September 27, 2016, among Dakota, Emerald, if necessary, and either the Lender Purchaser, or the Agent on behalf of the Lenders, as applicable, on amended Dedication Agreements that reflect the economic terms set forth on Exhibit A annexed hereto and no modification of any other material economic terms, (ii) the Lender Purchaser being selected as the Successful Bidder (as defined in the Bid Procedures Order D.I. No. 664) and closing on the transfer of the Emerald Assets, and (iii) payment and issuance of the consideration set forth herein.

We look forward to working with you.

Sincerely,

Tim Reynolds
Founding Partner, Dakota Midstream

Dated: September 22, 2016

Accepted By: Cortland Capital Market Services LLC

As Administrative Agent on behalf of the Lenders
**Polina Arsentyeva**
**Associate Counsel**

Dated: _____

Accepted By:

_____

Emerald Oil, Inc. and its affiliated debtors and debtors in possession

Finally, the Letter of Intent is conditioned upon (i) a written agreement being reached by September 27, 2016, among Dakota, Emerald, if necessary, and either the Lender Purchaser, or the Agent on behalf of the Lenders, as applicable, on amended Dedication Agreements that reflect the economic terms set forth on Exhibit A annexed hereto and no modification of any other material economic terms, (ii) the Lender Purchaser being selected as the Successful Bidder (as defined in the Bid Procedures Order D.I. No. 664) and closing on the transfer of the Emerald Assets, and (iii) payment and issuance of the consideration set forth herein.

We look forward to working with you.

Sincerely,

Tim Reynolds
Founding Partner, Dakota Midstream

Dated: _____

Accepted By:

_____
Agent on behalf of the Lenders

Dated: _09. 21. 2016_

Accepted By:

_____
Emerald Oil, Inc. and its affiliated debtors and debtors in possession