**EXHIBIT B**

**Liquidation Analysis**

## **LIQUIDATION ANALYSIS**

### **Introduction**

Pursuant to section 1129(a)(7) of the Bankruptcy Code, each holder of an impaired Claim or equity interest must either (a) accept a chapter 11 plan or (b) receive or retain under a chapter 11 plan property of a value, as of the plan effective date, that is not less than the value such non-accepting holder would receive or retain if the Debtors were liquidated under chapter 7 of the Bankruptcy Code (often referred to as the "**Best Interests Test**").  To demonstrate that the proposed Plan satisfies the Best Interests Test, the Debtors, with the assistance of their restructuring advisor, Opportune LLP ("**Opportune**"), have prepared the following hypothetical liquidation analysis (the "**Liquidation Analysis**"), which is based upon certain assumptions discussed in the Disclosure Statement (as defined herein) and in the accompanying notes to the Liquidation Analysis.

All capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the *Disclosure Statement for the Debtors' Amended Joint Chapter 11 Plan of Liquidation* to which this Liquidation Analysis is attached.

### **Methodology**

The Liquidation Analysis has been prepared assuming that the Debtors' Chapter 11 Cases are converted to a chapter 7 liquidation on April 1, 2017 (the "**Chapter 7 Conversion Date**"). Except as otherwise noted herein, the Liquidation Analysis is based upon the unaudited, consolidating balance sheets of the Debtors dated as of December 31, 2016.  The values set forth therein, in total, are assumed to be representative of the Debtors' approximate assets and liabilities as of the Chapter 7 Conversion Date.  It is assumed that, on the Chapter 7 Conversion Date, the Bankruptcy Court would appoint a chapter 7 trustee (the "**Chapter 7 Trustee**") who would distribute the cash proceeds, net of liquidation-related costs, to stakeholders in accordance with applicable law.

### **Global Notes & Assumptions**

1. **Basis of Liquidation**—The Liquidation Analysis assumes the Debtors would be liquidated on a consolidated basis.

2. **Allocation of Assets**—The allocation of sale proceeds in the Liquidation Analysis is in accordance with the Plan, and the Liquidation Analysis assumes no litigation will arise in relation to the allocation of assets among the Debtors.

3. **Dependence on Unaudited Financial Statements**—Proceeds available for recovery are based upon the unaudited financial statements and balance sheets of the Debtors dated as of December 31, 2016, unless otherwise noted. Cash balances have been rolled forward through the Chapter 7 Conversion Date.

4. **Chapter 7 Liquidation Costs & Length of Liquidation Process**—The Debtors have assumed that liquidation pursuant to chapter 7 of the Bankruptcy Code would require approximately 3–6 months in order to orderly administer and close the chapter 7 proceedings. In an actual liquidation, the wind down process and time period(s) could vary significantly, thereby impacting recoveries. More specifically, the uncertain duration and potential varying outcomes of the Claims reconciliation and allowance process, including for priority, contingent, litigation, rejection, and other Claims, could substantially impact both the timing and the amounts of the distributions to creditors. Accordingly, there can be no assurance that the values reflected in this Liquidation Analysis would be realized in a chapter 7 liquidation.

Pursuant to section 726 of the Bankruptcy Code, the allowed administrative expenses incurred by the Chapter 7 Trustee would be entitled to payment in full prior to any distributions to chapter 11 Allowed Administrative Claims and Allowed Other Priority Claims. The estimates used in the Liquidation Analysis for these expenses include estimates for operational expenses and the fees and costs for certain legal, accounting, and other professionals, as well as an estimated fee payable to a Chapter 7 Trustee (calculated in accordance with 11 U.S.C. § 326(a)) based on the amount of assets distributed to creditors. The Debtors estimate that, in a chapter 7 liquidation, amounts available for professional fees and wind-down expenses would be limited because the estates would not have substantially any unencumbered assets, and professional fees and wind-down expenses in a chapter 7 liquidation would thus be satisfied subject to the availability of funds.

5. **Distribution of Net Proceeds**—Chapter 7 Trustee fees; certain other fees, costs, and claims that may arise in a liquidation scenario; and Chapter 11 Allowed Administrative Claim amounts and Allowed Priority Claim amounts would be paid in full from the liquidation proceeds before the balance of those proceeds will be made available to pay Allowed unsecured claims, subject to the availability of funds. The assumed distributions to creditors as reflected in the Liquidation Analysis are estimated in accordance with the absolute priority rule pursuant to section 1129(b)(2) of the Bankruptcy Code or section 726 of the Bankruptcy Code, as applicable.

6. **Preference or Fraudulent Transfers**—No recovery amounts or related litigation costs have been attributed to any potential avoidance actions under the Bankruptcy Code, including potential preference or fraudulent transfer actions due to, among other issues, the costs of such litigation, the uncertainty of the outcome, and anticipated disputes regarding these matters.

| | Notes | Chapter 7 | Chapter 11 |
|---|---|---|---|
| **A.**   **Estimated Proceeds** | | | |
|     Cash | (1) | $   4,500 | $   4,500 |
|     Misc Receipts | (2) | 320 | 320 |
|     Secured Creditors' Collateral | (3) | (4,770) | - |
|     Total Estimated Proceeds | | 50 | 4,820 |
| | | | |
| **B.**   **Estimated Wind Down Expenditures** | | | |
|     Corporate Wind-down Expenses | (4) | - | 120 |
|     Wind-down Professional Fees | (5) | 48 | 1,060 |
|     Chapter 7 Trustee Fees | (6) | 2 | - |
|     Total Estimated Wind-down Expenditures | | 50 | 1,180 |
| **Estimated Proceeds Available For Distribution** | | **-** | **3,640** |
| **C.**   **Estimated Allowed Administrative Claims** | (7) | - | - |
|     *% Recovery to Allowed Administrative Claims* | | *100.0%* | *100.0%* |
| **D.**   **Estimated Allowed Priority Claims** | (8) | - | - |
|     *% Recovery to Allowed Priority Claims* | | *100.0%* | *100.0%* |
| **E.**   **Proceeds for Allowed General Unsecured Claims** | (9) | **-** | **2,000** |
|     Estimated Allowed General Unsecured Claims | | 202,340 | 202,340 |
|     *% Recovery to Allowed General Unsecured Claims* | | *0.0%* | *1.0%* |
| **F.**   **Proceeds for Allowed Other Secured Claims** | | **-** | **970** |
|     Estimated Allowed Other Secured Claims | | - | 970 |
|     *% Recovery to Allowed Other Secured Claims* | | *100.0%* | *100.0%* |
| **G.**   **Proceeds for Allowed Credit Facility Claims** | | **-** | **670** |
|     Estimated Allowed Credit Facility Claims | | 23,880 | 27,680 |
|     *% Recovery to Allowed Credit Facility Claims* | | *0.0%* | *2.4%* |

## Specific Notes to the Liquidation Analysis:

1. **Cash -** The pro forma balance as of the Chapter 7 Conversion Date is based on the cash balances as of December 31, 2016, adjusted for ongoing general operations and uses of cash, including for payment of restructuring professionals' fees and costs, based on projections prepared by the Debtors and their advisors through the plan effective date.

2. **Misc. Receipts -** Miscellaneous receipts total the sum of the repayment of retainers held by restructuring professionals upon termination of their services.

3. **Secured Creditors' Collateral –** The Debtors assume that in a chapter 7 liquidation, their secured creditors would take possession of substantially all of the property of the Debtors' estates encumbered by their liens, claims, and interests, except for the amount of the Chapter 7 Trustee professional fee and cost carve out of $50,000 as set forth under paragraph 65 of the Final DIP Order.

4. **Corporate Wind-Down Expenses -** Corporate wind-down expenses are calculated based upon primarily the following cost analyses: (a) contract accounting personnel; (b) Board

of Director and Director and Officer insurance costs; (c) bank fees; and (d) final tax return preparation costs.

5. **Wind-Down Professional Fees -** Wind-down professional fees include legal and restructuring professionals' fees required to wind down the debtors.  The Liquidation Analysis assumes all professional fees and costs incurred as of the Effective Date of the Plan in the Chapter 11 Cases would be paid in full as of the Effective Date, and thus not outstanding as of the Chapter 7 Conversion Date.  The Liquidation Analysis also assumes that amounts available for professionals in chapter 7 would likely be limited to the chapter 7 carve out of $50,000 set forth under paragraph 65 of the Final DIP Order, but would be subject to the availability of funds notwithstanding the foregoing.

6. **Chapter 7 Trustee Fees -** Compensation for the Chapter 7 Trustee would be limited in accordance with the fee guidelines set forth in section 326(a) of the Bankruptcy Code.

7. **Allowed Administrative Claims -** The Debtors believe all Allowed Administrative Claims will be settled at 100% prior to the Effective Date of the Plan.

8. **Allowed Priority Claims -** The Debtors believe all Allowed Priority Claims will be settled at 100% prior to the Effective Date of the Plan.

9. **Allowed General Unsecured Claims -** According to the Unsecured Creditor Committee settlement, $2.0 million of the proceeds remaining after payment of corporate wind-down expenses, wind-down professional fees, administrative and priority claims, and other secured claims will be distributed to Holders of Allowed General Unsecured Claims.

## Statement of Limitations

The determination of the costs of, and proceeds from, the hypothetical liquidation of the Debtors' assets in a chapter 7 liquidation is an uncertain process involving the use of significant estimates and assumptions that, although considered reasonable by the Debtors based upon their business judgment and input from their advisors, are inherently subject to uncertainties and contingencies beyond the control of the Debtors and their advisors.  Inevitably, some assumptions in the Liquidation Analysis may not materialize in an actual chapter 7 liquidation, and unanticipated outcomes could materially affect the ultimate results in a chapter 7 liquidation.  The Liquidation Analysis was prepared for the sole purpose of generating a reasonable good faith estimate of the proceeds that would be generated if the Debtors' assets were liquidated in accordance with chapter 7 of the Bankruptcy Code.  The Liquidation Analysis is neither intended, nor should be used for any other purpose.  The underlying financial information in the Liquidation Analysis was not compiled or examined by independent accountants.

NEITHER THE DEBTORS NOR THEIR ADVISORS MAKE ANY REPRESENTATION OR WARRANTY THAT THE ACTUAL RESULTS WOULD OR WOULD NOT

APPROXIMATE THE ESTIMATES AND ASSUMPTIONS REFLECTED IN THE LIQUIDATION ANALYSIS.  ACTUAL RESULTS COULD VARY MATERIALLY.

In preparing the Liquidation Analysis, the Debtors estimated Allowed Claims based upon a review of Claims listed on the Debtors' financial statements.   In addition, the Liquidation Analysis includes estimates for Claims not currently asserted in the Chapter 11 Cases, but which could be asserted and allowed in a chapter 7 liquidation, including unpaid chapter 11 Administrative Claims, and chapter 7 administrative claims such as wind-down costs and trustee fees.  To date, the Bankruptcy Court has not estimated or otherwise fixed the total amount of Allowed Claims used for purposes of preparing this Liquidation Analysis.   Therefore, the Debtors' estimate of Allowed Claims set forth in the Liquidation Analysis should not be relied on for any other purpose, including determining the value of any distribution to be made on account of Allowed Claims and Interests under the Plan.

NOTHING CONTAINED IN THE LIQUIDATION ANALYSIS IS INTENDED TO BE OR CONSTITUTES A CONCESSION OR ADMISSION OF THE DEBTORS.  THE ACTUAL AMOUNT OF ALLOWED CLAIMS IN THE CHAPTER 11 CASES COULD MATERIALLY DIFFER FROM THE ESTIMATED AMOUNTS SET FORTH IN THE LIQUIDATION ANALYSIS.